ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **RAFAEL IGNACIO CARBO HUYKE**; RAFAEL J. CARBO LUGO; GRETCHEN HUYKE NICOLE<br><br>Recurrido<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS; AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO; **MAPFRE PRAICO INSURANCE COMPANY**; Y OTROS<br><br>Peticionario | TA2025CE00264 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2025CV00928<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de agosto de 2025.

Comparece MAPFRE PRAICO Insurance Company ("MAPFRE" o "Peticionaria") mediante *Petición de Certiorari* y nos solicita que revisemos la *Resolución* emitida el 10 de julio de 2025, notificada el 11 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). En virtud del referido dictamen, el TPI denegó la Solicitud de Desestimación Parcial y/o Sentencia Sumaria instada por la peticionaria.

Por los fundamentos que proceden, se expide el auto de *certiorari* y se *revoca* la determinación recurrida.

**I.**

El 3 de febrero de 2025, Rafael Ignacio Carbó Huyke ("joven Carbó Huyke"), junto a sus padres, Rafael J. Carbó Lugo y Gretchen Huyke Nicole (en conjunto, "Recurridos") presentaron una *Demanda* en daños y perjuicios en contra del Municipio Autónomo de San Juan ("Municipio"), entre otros codemandados. Adujeron que, mientras el joven Carbó Huyke transitaba en un *scooter* alquilado por la acera de la Carretera Núm. 1, Ave. Manuel Fernández Juncos, ubicada en el Municipio de San Juan, cayó en un hoyo profundo. Sostuvieron que ello provocó que el *scooter* se estancara y el joven fuera expulsado hacia el frente e impactara su cabeza, sufriendo daños físicos y severos. Particularizaron que el Municipio respondía por los daños sufridos ya que, por información o creencia, la acera donde ocurrieron los hechos se encontraba bajo su control.

Tras varias instancias procesales, el 8 de abril de 2025, el Municipio instó una *Solicitud de Desestimación Parcial y/o Sentencia Sumaria*. Expuso que el área donde ocurrieron los hechos no es propiedad del Municipio, sino del Estado Libre Asociado de Puerto Rico. Como corolario, arguyó que la reclamación en su contra debía ser desestimada.

El 15 de abril de 2025 los recurridos presentaron una *Demanda Enmendada*, la cual fue aceptada por el foro de instancia, a los únicos efectos de incluir como codemandado a MAPFRE, como aseguradora del Municipio.

Posteriormente, el 25 de abril de 2025, los recurridos notificaron una *Moción de Allanamiento a Solicitud de Desestimación Parcial*. Así las cosas, el foro de instancia desestimó la reclamación instada en contra del Municipio mediante *Sentencia Parcial* emitida el 28 de abril de 2025 y notificada el 29 de abril de 2025. Sin embargo, el TPI puntualizó que la reclamación en contra de MAPFRE, como aseguradora del Municipio, continuaba vigente.

El 20 de junio de 2025, MAPFRE presentó una *Solicitud de Desestimación Parcial y/o Sentencia Sumaria.* En síntesis, alegó que, tras la desestimación de la reclamación en contra de su asegurado, también procede la desestimación en cuanto a la causa de acción en su contra.

En respuesta, el 3 de julio de 2025, los recurridos notificaron su *Oposición a Moción de Desestimación y/o Sentencia Sumaria.* Arguyeron que, al momento, existe una controversia respecto a quien ejerce el control sobre la acera donde ocurrió el accidente. Sostuvieron, además, que la inmunidad estatutaria que cobija al Municipio, no se extiende a sus aseguradoras.

Aquilatados los argumentos de las partes, el 11 de julio de 2025, el foro de instancia emitió una *Resolución.* En virtud del referido dictamen, denegó la desestimación peticionada por MAPFRE, al concluir que la acción presentada en contra de la aseguradora era una acción directa e independiente a la del Municipio.

Insatisfechos, el 8 de agosto de 2025, MAPFRE acudió ante nos mediante *Petición de Certiorari.* La recurrente realizó los siguientes señalamientos de errores:

> **Erró el TPI al determinar que no procede extender la inmunidad del municipio como defensa en la acción directa contra la aseguradora, ignorando la intención clara e inequívoca del legislador al aprobar la enmienda que incluyó dicha inmunidad en nuestro ordenamiento jurídico.**

> **Erró el TPI al determinar que MAPFRE debe permanecer en el pleito mediante acción directa a pesar de la inexistencia de una causa de acción contra su asegurado que active la póliza suscrita, aplicando incorrectamente las disposiciones del Código de Seguros e interpretando de forma errada su jurisprudencia interpretativa.**

El 15 de agosto de 2025, la parte recurrente instó su *Oposición a Petición de Certiorari.* Perfeccionado el recurso y contando con el

beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la

apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión

justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

En virtud del Art. 1.053 de la Ley Núm. 107 de 13 de agosto de 2020, según enmendada, mejor conocida como el Código Municipal de Puerto Rico ("Código Municipal"), 21 LPRA sec. 7084, no estarán autorizadas las acciones en contra de los municipios por daños y perjuicios "[c]uando ocurran accidentes en las carreteras o aceras estatales". Como resultado, al amparo del aludido estatuto, los municipios poseen inmunidad contra las reclamaciones de daños y perjuicios instadas en su contra por accidentes ocurridos en las carreteras o aceras pertenecientes al ELA. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023).

Por consiguiente, "el factor determinante para que los municipios no respondan por reclamaciones de daños y perjuicios es la existencia del vínculo directo entre un accidente y el hecho de que este ocurra en una carretera o acera propiedad del Estado". *González Meléndez v. Mun. San Juan et al.*, *supra*, 620.

**-C-**

En nuestro ordenamiento jurídico impera la normativa de que el asegurador solo será responsable, según una póliza de seguros de responsabilidad civil, si el asegurado ha sido culposo o negligente. *SLG Albert-García v. Integrad Asrn.*, 196 DPR 382, 394 (2016). Como norma general, toda aseguradora que expida una póliza asegurando a una persona contra daños o perjuicios, por causa de responsabilidad legal por lesiones corporales, muerte o daños a la

propiedad de una tercera persona, será responsable cuando ocurra una pérdida cubierta por dicha póliza. Art. 20.010 del Código de Seguros, 26 LPRA sec. 2001.

La parte perjudicada por un asegurado tendrá la opción de instar una acción directa contra el asegurador, conforme a los términos y limitaciones de la póliza, o en contra de ambos de manera conjunta. Art. 20.030 del Código de Seguros, 26 LPRA sec. 2003. Dicha acción será distinta y separada de la reclamación que pudiese tener un perjudicado contra el asegurado. *SLG Albert-García v. Integrad Asrn., supra*, pág. 390.

No obstante, resulta preciso destacar que la Exposición de Motivos de la Ley Núm. 143-2019, (2019 [Parte 2] Leyes de Puerto Rico 2018),[1] expresó que añadir la prohibición de demandar a un municipio por accidentes ocurridos en las carreteras o aceras estatales tenía el propósito de, entre otros, evitar un aumento sustancial en los costos por concepto de seguros de responsabilidad pública. Cónsono con lo anterior, el Tribunal Supremo ha sostenido que cuando no existe una causa de acción contra el municipio, no puede responder una aseguradora por lo que en derecho es inexistente. *Admor. FSE v. Flores Hnos. Cement Prods.*, 107 DPR 789, 794 (1978).

### III.

Por este haber sido el proceder de la peticionaria, atenderemos ambos errores de manera conjunta. En síntesis, la parte peticionaria aduce que el foro de instancia incidió al mantenerlo en el pleito, a pesar de que la acción entablada en contra del Municipio fue desestimada. De manera particular, expresa que, ante la ausencia de causa de acción en contra de su asegurado, el contrato de

---

[1] La Ley Núm. 143-2019 enmendó el derogado Art. 15.005 (g) de la Ley 81-1991, mejor conocida como la Ley de Municipios Autónomos, 21 LPRA ant. sec. 4705. El referido artículo fue incorporado posteriormente al Código Municipal como el Art. 1.053 (g), *supra.*

seguros no puede extenderse para cubrir una responsabilidad que su asegurado no tiene. Le asiste la razón. Veamos.

En el caso que nos ocupa, no existe controversia respecto al hecho de que la carretera donde ocurrieron los hechos es una estatal. Como resultado, la acera también se encuentra bajo la jurisdicción del ELA. Es por tal razón que los propios recurridos reconocieron que el Municipio goza de inmunidad estatutaria y se allanaron a la solicitud de desestimación instada por este.

No obstante, la parte recurrida intenta argumentar que la causa de acción en contra de MAPFRE no puede ser desestimada, ya que se desconoce quién es responsable por el mantenimiento de la acera. Tal argumento resulta irrelevante ante el hecho de que el Municipio no responde por el daño, por virtud de la inmunidad concedida.

Según hemos reseñado, una aseguradora solo responderá si el asegurado ha sido culposo o negligente. *SLG Albert-García v. Integrad Asrn., supra.* Esencialmente, la responsabilidad de la aseguradora está sujeta a la responsabilidad que pudo haber tenido el asegurado.

Reiteramos que los municipios no responden por los daños ocasionados en carreteras o aceras estatales, a pesar de que estas se encuentren dentro de sus delimitaciones territoriales. Así dispuesto, sus aseguradoras tampoco están sujetas a responder por tales daños, debido a la ausencia de responsabilidad de sus asegurados. La aseguradora no puede responder por lo que en derecho es inexistente. *Admor. FSE v. Flores Hnos. Cement Prods., supra.*

Ciertamente, una vez desestimada la reclamación en contra del Municipio, no existía razón para mantener la causa de acción en contra de MAPFRE. El foro de instancia actuó contrario a derecho al denegar la solicitud de desestimación instada por MAPFRE. Por

tanto, los errores señalados por la parte peticionaria fueron cometidos.

**IV.**

Por los fundamentos que anteceden, se expide el auto solicitado y se *revoca* la determinación recurrida. En consecuencia, se desestima la Demanda con perjuicio, exclusivamente respecto a MAPFRE.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones